**IN THE COURT OF APPEALS OF IOWA**

No. 19-0199
Filed January 9, 2020

**IN THE INTEREST OF K.H.,**
**Minor Child,**

**K.H., Minor Child,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Scott County, Gary P. Strausser, District Associate Judge.

A juvenile appeals his adjudication as a delinquent for assault with intent to commit sexual abuse. **AFFIRMED.**

Steven W. Stickle (until withdrawal) of Stickle Law Firm, P.L.C., Davenport, G. Brian Weiler (until withdrawal), Davenport, and Grishma Arumugam, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

The question in this appeal is whether the State proved beyond a reasonable doubt that thirteen-year-old K.H. assaulted a younger boy with the intent to commit sexual abuse. Because sufficient credible evidence supports the elements of that offense, we affirm the delinquency adjudication.

## I. Facts and Prior Proceedings

J.W. visited K.H.'s house one evening in the fall of 2017. The two boys played in K.H.'s room while the adults gathered around a bonfire outside. One of those adults was John, the boyfriend of K.H.'s mother.

John came inside to use the restroom and through the bedroom door overheard K.H. tell J.W. to "touch it, touch it." J.W. said "no." Through a peep hole in the door, John could see K.H. approach J.W. as he sat on the bed. K.H. was holding his cell phone in one hand and pulling on the elastic waistband of his pants with his other hand. John—who saw himself as a "father figure" for K.H.—barged into the boy's room and directed J.W. to go find his own father downstairs. John then told K.H. he was in "big trouble."

In his testimony, nine-year-old J.W. recalled K.H. pulling his pants down and exposing his penis. J.W. said K.H.'s conduct made him "uncomfortable" and "mad." But J.W. answered "no" when asked if K.H. urged him to touch his penis. K.H. did testify that John entered the room just as K.H. was approaching him.

In an interview with police, K.H. denied showing his penis to J.W., but acknowledged John came into his room and accused him of "doing some weird stuff."

The State petitioned the juvenile court to find K.H. was delinquent. The court held a hearing in July 2018. At the close of the State's evidence, the court denied K.H.'s motion for directed verdict. The court found substantial evidence that K.H. assaulted J.W. The court noted: "The child did not specifically testify that it was insulting or offensive." But the court found it sufficient that K.H.'s act of exposing his penis "made [J.W.] mad and it was clear that he was uncomfortable." K.H. now appeals the delinquency finding.

## II.     Scope and Standard of Review

The State bears the burden of proving beyond a reasonable doubt that the juvenile committed the delinquent act alleged. Iowa Code § 232.47(10) (2018). We review delinquency proceedings de novo. *In re A.K.*, 825 N .W.2d 46, 49 (Iowa 2013). Despite our de novo review, we give weight to the factual findings of the juvenile court, especially as to witness credibility, though they do not bind us. *Id.*

## III.     Analysis

To prove K.H. carried out the delinquent act of assault with intent to commit sexual abuse, the State had to prove he assaulted J.W. with the intent to commit a sex act. *See* Iowa Code §§ 709.1, 709.11(3). An assault is "[a]ny act . . . intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(b); *see State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019). The term "sex act" includes contact between the finger or hand of one person and the genitalia of another. *See* Iowa Code § 702.17(3).

On appeal, K.H. contends the State did not prove he committed an assault. He does not specifically contest the proof of his intent to commit a sex act. But he

does allege in passing that the State did not prove "an alleged exposure" beyond a reasonable doubt. Exposing one's penis is not strictly an element of the offense, but it may reveal the sexual intent of the perpetrator.

K.H. dwells on the tepid testimony of J.W. who denied under oath that K.H. asked him to touch his penis. Conspicuously absent from K.H.'s argument is any mention of the testimony of his mother's then boyfriend. That adult's testimony solidified the State's case.

To be sure, the juvenile court recognized "inconsistencies" between J.W.'s testimony and John's testimony. Yet the court resolved that contradiction by crediting John's testimony that he heard K.H. repeatedly ask J.W. to touch his penis. The court did what it was designed to do. *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996) ("The trier of fact—here, the district court—has the prerogative to determine which evidence is entitled to belief.") Here, we leave determinations of credibility for the trier of fact, who was in a better position to evaluate them. *See State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000).

All in all, the State's evidence established an assault with intent to commit sexual abuse. In the seclusion of his bedroom, K.H. pressed the younger boy to touch his exposed penis. K.H. moved toward J.W. as he sat on the older boy's bed. That conduct evidenced an intent to place J.W. in fear of immediate physical contact with K.H.'s genitalia. The record shows J.W. believed that contact would be insulting or offensive; he said "no" to K.H.'s commands and later described his reaction as uncomfortable and "mad." *See A.K.*, 825 N.W.2d at 53 (upholding assault-with-intent conviction when victim testified he found touching of genitalia through his pants to be "embarrassing"). K.H. was asking J.W. to commit a sex

act, which would have led to sexual abuse with a child. *See generally State v. Spargo*, 364 N.W.2d 203, 211 (Iowa 1985) (holding consent was not defense to charge of assault with intent to commit sexual abuse because child legally could not consent to sex act).

After our de novo review of the evidence, we defer to the juvenile court's assessment of witness credibility and find substantial evidence to support the court's delinquency adjudication.

**AFFIRMED.**